UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | : |
| | :      10 Civ. 1888 (RMB) (AJP) |
| Plaintiff, | |
| | :      **REPORT AND RECOMMENDATION** |
| -against- | |
| | : |
| RICHARD VERDIRAMO, VINCENT L. VERDIRAMO, ESQ., EDWARD MEYER JR., and VICTORIA CHEN, | : |
| | : |
| Defendants. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ANDREW J. PECK, United States Magistrate Judge:**

**To the Honorable Richard M. Berman, United States District Judge:**

        On November 27, 2012, Judge Berman ordered defendant Victoria Chen to pay a civil monetary penalty and referred the case to me for an inquest on the appropriate amount of the penalty. U.S. SEC v. Verdiramo, 10 Civ. 1888, 2012 WL 5935609 at *5 (S.D.N.Y. Nov. 27, 2012) (Berman, D.J.). The SEC submitted its inquest papers on December 6, 2012. (Dkt. Nos. 146-48.) Chen has not responded and her deadline for doing so, December 21, 2012, has passed. (See Dkt. No. 144: 11/28/12 Order.)[1/]

        For the reasons set forth below, Chen should be ordered to pay a civil monetary penalty of $65,000.

---

[1/]     At the Court's request, the SEC hired a process server to attempt to personally serve Chen with its inquest papers, at Chen's last known address in Canada. (See 11/28/12 Order; Dkt. No. 149: Process Server Livingston Aff. ¶¶ 3-4.) The concierge told the process server that Chen had moved out over a year ago. (Livingston Aff. ¶¶ 5-6.) The process server was unable to find another address for Chen. (Livingston Aff. ¶ 8.) Chen never informed the Court of a new address.

**FACTS**

The complete factual and procedural background of this case is set forth in the Court's prior opinions.  See U.S. SEC v. Verdiramo, 10 Civ. 1888, 2012 WL 5935609 (S.D.N.Y. Nov. 27, 2012) (Berman, D.J.); U.S. SEC v. Verdiramo, 10 Civ. 1888, --- F. Supp. 2d ----, 2012 WL 5935619 (S.D.N.Y. Jan. 13, 2012) (Berman, D.J. & Peck, M.J.); U.S. SEC v. Verdiramo, 10 Civ. 1888, --- F. Supp. 2d ----, 2011 WL 4344310 (S.D.N.Y. Sept. 9, 2011) (Berman, D.J.).  Accordingly, only the information relevant to determining the appropriate amount of Chen's civil monetary penalty is set forth herein.

On September 9, 2011, Judge Berman granted summary judgment in favor of the SEC on its claim that Chen violated Section 5 of the Securities Act of 1933 through unregistered stock sales.  U.S. SEC v. Verdiramo, 2011 WL 4344310 at *11; accord U.S. SEC v. Verdiramo, 2012 WL 5935619 at *4 ("Judge Berman found that Chen violated Section 5 of the Securities Act when she sold 158,333 RECOV shares in 2005 without filing a registration statement.").  Judge Berman held that the SEC was entitled to injunctive relief against Chen, finding:

> Chen violated Section 5 of the Securities Act when she sold [158,333] RECOV shares in unregistered transactions on fifteen separate occasions between July 20, 2005 and September 13, 2005.  Chen failed to appear for her deposition in this matter and/or to file an opposition to the SEC's motion for partial summary judgment.  She has also failed to acknowledge her wrongdoing and/or to provide assurances against further violations.

U.S. SEC v. Verdiramo, 2011 WL 4344310 at *14 (citations omitted); see also U.S. SEC v. Verdiramo, 2012 WL 5935619 at *2 ("Within months of obtaining the RECOV stock, Chen sold 158,333 shares for $40,284 . . . .").  Chen was ordered to disgorge $40,284 and pay $16,453 in prejudgment interest, and held jointly and severally liable with her codefendants for $307,769 in

disgorgement (the collective amount of their illegally obtained profits) and $120,356 in prejudgment interest.  U.S. SEC v. Verdiramo, 2012 WL 5935619 at *8.

On October 4, 2012, Chen was directed to show cause why she "should not be ordered to pay a second tier civil money penalty and be subject to a permanent penny stock bar." (Dkt. No. 139: Order to Show Cause at 1.)  On November 27, 2012, Judge Berman imposed a permanent penny stock bar against Chen and ordered her to pay a civil monetary penalty:

> During these proceedings, Chen, as noted, has failed to comply with various court orders, including Magistrate Judge Peck's directives to appear for a deposition or face sanctions (including a possible default judgment), dated October 27, 2010, December 1, 2010, and January 10, 2011.  "If Ms. Chen is unable to participate in discovery, as the Court previously warned her, the Court has no choice but to strike her answer and allow the SEC to proceed for a default judgement as to damages and/or penalties."  She has also failed to respond to the Court's order to show cause, dated October 4, 2012, directing that Chen appear on November 15, 2012 and directing her to file any opposing statement of points and authorities by October 29, 2012.  She neither appeared nor made any written filing.
>
> The Court finds that a permanent penny stock bar against Chen is appropriate.  As the Court determined in the September 9, 2011 Decision & Order, "Chen violated Section 5 of the Securities Act when she sold her RECOV shares in unregistered transactions on fifteen separate occasions between July 20, 2005 and September 13, 2005" and "has also failed to acknowledge her wrongdoing and/or to provide assurances against further violations."  According to the SEC, at the time of the RECOV stock sales, Chen was "familiar with the registration requirements mandated by Section 5 of the Securities Act."  Chen's unregistered sales were "intended to camouflage [an] unregistered public distribution" of RECOV and constituted a "reckless[] disregard[] [of] the regulatory requirements mandated by Section 5."  Chen signed a "sham" contract to purchase a controlling interest in RECOV and subsequently was issued 333,333 shares of RECOV "despite the fact that Chen had made no payments."

U.S. SEC v. Verdiramo, 2012 WL 5935609 at *4-5 (citations omitted); see also Dkt. No. 147: Groves Aff. ¶¶ 3-7; Dkt. No. 146: SEC Supp. Br. at 2 & n.2.

Judge Berman held "that a civil monetary penalty is appropriate," leaving only "the appropriate amount of civil penalty" to be determined by inquest.  U.S. SEC v. Verdiramo, 2012 WL

4

5935609 at *5. The SEC requests a maximum second tier civil monetary penalty in the amount of $65,000. (SEC Supp. Br. at 3-4; see also Dkt. No. 137: SEC Br. at 3-4.)

## ANALYSIS[2/]

Civil penalties were enacted by Congress to deter securities law violations. E.g., SEC v. Palmisano, 135 F.3d 860, 866 (2d Cir.), cert. denied, 525 U.S. 1023, 119 S. Ct. 555 (1998).[3/] The relevant House Report stated:

> "The Committee believes that the money penalties proposed in this legislation are needed to provide financial disincentives to securities law violations other than insider trading. . . . Absent a criminal prosecution or a private suit for damages . . . even the defendant who makes a deliberate decision to violate the law and causes significant harm to the markets does not risk any monetary sanction more severe than an order of disgorgement. Disgorgement merely requires the return of wrongfully obtained profits; it does not result in any actual economic penalty or act as a financial disincentive to engage in securities fraud. A violator who avoids detection is able to keep the profits resulting from illicit activities. Currently, even a violator who is caught is required merely to give back his gains with interest, leaving him no worse off financially than if he had not violated the law. The Committee therefore concluded that authority to seek or impose substantial money penalties, in addition to the disgorgement of profits, is necessary for the deterrence of securities law violations that otherwise may provide great financial returns to the violator."

---

[2/] The Second Circuit has approved the holding of an inquest by affidavit, without an in-person court hearing, "'as long as [the Court has] ensured that there was a basis for the damages specified in the default judgment.'" Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) (quoting Fustok v. ContiCommodity Servs., Inc., 873 F.2d 38, 40 (2d Cir. 1989)). An inquest on a paper record is particularly appropriate here, where the only issue is Chen's statutory penalty. See, e.g., Rolex Watch U.S.A., Inc. v. Brown, 01 Civ. 9155, 2002 WL 1226863 at *2 (S.D.N.Y. June 5, 2002) (Peck, M.J.) ("Here, of course, the issue is statutory damages, making it even more appropriate to hold the inquest on a paper record.").

[3/] See also, e.g., SEC v. Kapur, 11 Civ. 8094, 2012 WL 5964389 at *6 (S.D.N.Y. Nov. 29, 2012); SEC v. Robinson, 00 Civ. 7452, 2002 WL 1552049 at *10 (S.D.N.Y. July 16, 2002) (Peck, M.J.); SEC v. McCaskey, 98 Civ. 6153, 2002 WL 850001 at *12 (S.D.N.Y. Mar. 26, 2002) (Peck, M.J.); SEC v. Coates, 137 F. Supp. 2d 413, 428 (S.D.N.Y. 2001); SEC v. Rosenfeld, 97 Civ.1467, 2001 WL 118612 at *4 (S.D.N.Y. Jan. 9, 2001) (quoting SEC v. Moran, 944 F. Supp. 286, 296 (S.D.N.Y.1996)).

SEC v. Coates, 137 F. Supp. 2d at 428-29 (quoting H.R. Rep. No. 101-616 (1990)).[4/]

Where, as here, a securities law violation has been proven, the Court is authorized to impose such civil monetary penalties, with the amount of any penalty to be "determined by the court in light of the facts and circumstances."  15 U.S.C. § 77t(d)(2)(A); 17 C.F.R. § 201.1003.[5/]  Section 20(d) establishes three tiers of penalties.  A first tier penalty of up to $6,500 per violation is appropriate for any securities law violation.  15 U.S.C. § 77t(d)(2)(A); 17 C.F.R. § 201.1003 & tbl. III.  If, however, the violation "involved fraud, deceit, manipulation, or deliberate or reckless disregard of a regulatory requirement," second tier penalties of up to $65,000 per violation apply.  15 U.S.C. § 77t(d)(2)(B); 17 C.F.R. § 201.1003 & tbl. III.  If the violation, in addition to second tier factors, "directly or indirectly resulted in substantial losses or created a significant risk of substantial losses to other persons," third tier penalties of up to $130,000 per violation are appropriate.  15 U.S.C. § 77t(d)(2)(C)(II); 17 C.F.R. § 201.1003 & tbl. III.[6/]

The SEC's request for a $65,000 second tier penalty (SEC Supp. Br. at 3-4) should be granted.  As an initial matter, Judge Berman held that Chen violated Section 5 of the Securities Act (see page 3 above), thus establishing the predicate for a civil monetary penalty.  15 U.S.C.

---

[4/]   Accord, e.g., SEC v. McCaskey, 2002 WL 850001 at *12-13; SEC v. Moran, 944 F. Supp. at 296; see, e.g., SEC v. Pentagon Capital Mgmt. PLC, 08 Civ. 3324, 2012 WL 1036087 at *9 (S.D.N.Y. Mar. 28, 2012); SEC v. Kane, 97 Civ. 2931, 2003 WL 1741293 at *4 (S.D.N.Y. Apr. 1, 2003); SEC v. Robinson, 2002 WL 1552049 at *10-11.

[5/]   17 C.F.R. § 201.1003 provides an inflationary adjustment to the statutory penalties for violations occurring, as here, after February 14, 2005 and before March 3, 2009.  See also 17 C.F.R. § 201.1004.

[6/]   See also, e.g., SEC v. Elliott, 09 Civ. 7594, 2012 WL 2161647 at *11 (S.D.N.Y. June 12, 2012) ("There are three tiers of possible civil penalties that a court has the discretion to impose for violations of Section 5: a First Tier penalty for each violation shall not exceed . . . $6,500 for a natural person . . . .  That amount increases under Second and Third Tier penalties to, respectively, $65,000 and $130,000 per violation for a natural person . . . .").

§ 77t(d)(1). Further, Judge Berman found that Chen recklessly disregarded the regulatory requirements of Section 5,[7] thus satisfying the requirements for a second tier penalty. See 15 U.S.C. § 77t(d)(2)(B).

"'The tier determines the maximum penalty, with the actual amount of the penalty left up to the discretion of the district court.'" U.S. SEC v. Verdiramo, 2012 WL 5935609 at *5 (quoting SEC v. Kern, 425 F.3d 143, 153 (2d Cir. 2005)); accord, e.g., SEC v. Kapur, 2012 WL 5964389 at *6 ("'District courts have discretion in determining the appropriate amount of any penalty' under the relevant sections."); U.S. SEC v. Universal Express, Inc., 646 F. Supp. 2d at 567 ("Although each tier establishes a maximum penalty per violation, the amount of any civil penalty rests squarely in the discretion of the court."). The Court considers a number of factors:

> The court may consider a number of factors in determining the appropriate amount for a civil penalty, including (1) the egregiousness of the defendant's conduct; (2) the degree of the defendant's scienter; (3) whether the conduct created substantial losses or the risk of substantial losses to other persons; (4) whether the conduct was isolated or recurrent; and (5) whether the penalty should be reduced in light of the defendant's demonstrated current and future financial condition.

---

[7] "Chen's unregistered sales were 'intended to camouflage [an] unregistered public distribution' of RECOV and constituted a 'reckless[] disregard[] [of] the regulatory requirements mandated by Section 5.'" U.S. SEC v. Verdiramo, 10 Civ. 1888, 2012 WL 5935609 at *5 (S.D.N.Y. Nov. 27, 2012) (Berman, D.J.) (emphasis added); accord, e.g., SEC v. Elliott, 2012 WL 2161647 at *8 (Defendant "acted at least recklessly in selling billions of unregistered . . . shares. He had the experience and expertise to understand that shares need to be registered before they can be sold on the open market."); U.S. SEC v. Universal Express, Inc., 646 F. Supp. 2d 552, 569 (S.D.N.Y. 2009) (Lynch, D.J.) ("His sale of millions of shares of unregistered . . . stock recklessly disregarded the regulations governing the sale of securities . . . ."), aff'd, 438 F. App'x 23 (2d Cir. 2011); SEC v. Lybrand, 281 F. Supp. 2d 726, 731 (S.D.N.Y. 2003) (defendants' actions "easily satisfy the statutory requirements" where defendants "'created or controlled each of the shell corporations . . . and sold their shares into the public market without filing a registration statement'"), aff'd sub nom. SEC v. Kern, 425 F.3d 143 (2d Cir. 2005).

SEC v. Kane, 2003 WL 1741293 at *4.[8/]

Considering the totality of these factors, the SEC's request for a maximum second tier penalty in the amount of $65,000 should be granted.

As to the first factor, Chen's sale of 158,333 unregistered shares on fifteen separate occasions over the course of several months (see page 2 above) constitutes egregious conduct. See, e.g., U.S. SEC v. Universal Express, Inc., 646 F. Supp. 2d at 569 (Defendant "also sold millions of unregistered shares of . . . stock . . . . While these violations are less extensive than the violations committed by [his codefendant], they are egregious nonetheless."); SEC v. Lybrand, 281 F. Supp. 2d at 731 (defendants' "egregious actions" included that they "'sold their shares into the public market without filing a registration statement'").[9/]  This is especially true since Chen "has also failed to acknowledge her wrongdoing and/or to provide assurances against further violations." U.S. SEC v. Verdiramo, 10 Civ. 1888, --- F. Supp. 2d ----, 2011 WL 4344310 at *14 (S.D.N.Y. Sept. 9, 2011) (Berman, D.J.); see, e.g., SEC v. Pentagon Capital Mgmt. PLC, 2012 WL 1036087 at *4 (defendants "'egregiously[] violated the federal securities laws'" where "'neither [of the defendants] have accepted blame for their conduct'").[10/]

---

[8/]   Accord, e.g., U.S. SEC v. E. Delta Res. Corp., No. 10-CV-310, 2012 WL 3903478 at *8 (E.D.N.Y. Aug. 31, 2012); SEC v. Jadidian, 08 Civ. 8079, 2011 WL 1327245 at *8 (S.D.N.Y. Mar. 31, 2011); SEC v. Stone, 06 Civ. 6258, 2009 WL 82661 at *7 (S.D.N.Y. Jan. 13, 2009).

[9/]   Accord, e.g., SEC v. Pallais, 08 Civ. 8384, 2010 WL 2772329 at *6 (S.D.N.Y. July 9, 2010) (defendant's "knowledge demonstrate[d] that his conduct was egregious" where he knew his actions were improper (& cases cited therein)), report & rec. adopted in relevant part, 2010 WL 5422531 at *4 (S.D.N.Y. Dec. 23, 2010).

[10/]   Accord, e.g., SEC v. Lybrand, 281 F. Supp. 2d at 731 ("This lack of accountability is an additional factor warranting a civil penalty."); SEC v. Robinson, 2002 WL 1552049 at *11 (Defendant's "failure to own up to his wrongdoing in the face of overwhelming evidence
(continued...)

8

As to the second factor, Chen carried out her unregistered stock sales with "'reckless[] disregard[] [of] the regulatory requirements mandated by Section 5,'" U.S. SEC v. Verdiramo, 2012 WL 5935609 at *5, and thus acted with a high degree of scienter. See, e.g., SEC v. Elliott, 2012 WL 2161647 at *7 ("'Scienter is not an element of a section 5 violation.' Scienter is, however, relevant to the nature and extent of civil remedies that may be imposed for such a violation. . . . Knowledge or reckless conduct is 'sufficient to establish scienter.'" (citation omitted)).[11]

With respect to the third factor, although a showing that defendant created substantial losses or the risk of substantial losses to others is not required for a second tier penalty,[12] the Court nevertheless notes that Chen's conduct did create at least the risk of substantial losses to others.[13]

---

[10]   (...continued)
lends further support to the penalty."); SEC v. McCaskey, 2002 WL 850001 at *14 (Defendant's "failure promptly to own up to his wrongdoing lends further support to the penalty."); SEC v. Coates, 137 F. Supp. 2d at 430 (defendant's failure to take responsibility for his actions was factor in civil penalty); SEC v. Moran, 944 F. Supp. at 297 (defendant's "failure to recognize the harm that his negligence caused, coupled with apparent lack of understanding of the significance of his actions, warrant the imposition of the maximum penalty permitted").

[11]   Accord, e.g., SEC v. Pentagon Capital Mgmt. PLC, 2012 WL 1036087 at *5 ("Defendants acted with extreme scienter in carrying out what was an egregious scheme to defraud. . . . 'The evidence establishes that Defendants knew that late trading was impermissible and . . . contrary to the mutual funds' rules and SEC regulation.'"); SEC v. Pallais, 2010 WL 2772329 at *6 (defendant's "knowledge demonstrate[d] that . . . he acted with a high degree of scienter" where he knew his actions were improper (& cases cited therein)).

[12]   15 U.S.C. § 77t(d)(2)(B), (C)(II); see also, e.g., SEC v. Pallais, 08 Civ. 8384, 2010 WL 5422531 at *4 (S.D.N.Y. Dec. 23, 2010) ("[T]he loss sustained by investors ($7,057.20) was not substantial. . . . A Tier II civil penalty of $65,000 is reasonable and appropriate.").

[13]   See, e.g., SEC v. Elliott, 2012 WL 2161647 at *11 ("The very purpose of requiring securities to be registered . . . prior to sale to the investing public is to protect the public. . . . There is no record before the Court regarding whether the public in fact experienced substantial losses, but there was certainly a risk of that."); U.S. SEC v. Universal Express, Inc., 646 F. Supp. 2d at 569 ("His sale of millions of shares of unregistered . . . stock . . . created a
(continued...)

9

Accordingly, this factor also supports the SEC's request for a maximum second tier penalty. See, e.g., U.S. SEC v. E. Delta Res. Corp., 2012 WL 3903478 at *9 (maximum second tier penalty for Section 5 violations imposed where "defendants' conduct, at minimum, 'directly or indirectly . . . created a significant risk of substantial losses to other persons'"); SEC v. Stone, 2009 WL 82661 at *7 (maximum second tier penalty imposed where defendant's conduct "created a high risk of loss to investors who bought the stock in reliance on such fraud").

As to the fourth factor, Chen's conduct was not isolated; rather "she sold [158,333] RECOV shares in unregistered transactions on fifteen separate occasions between July 20, 2005 and September 13, 2005." U.S. SEC v. Verdiramo, 2011 WL 4344310 at *14; accord id. at *11. This factor also supports the imposition of a maximum second tier penalty. See, e.g., U.S. SEC v. E. Delta Res. Corp., 2012 WL 3903478 at *6, *9 (Defendant's "Section 5 violation was not an isolated occurrence, but was part of an ongoing pattern of activity that occurred over several years. . . . The Court therefore imposes a maximum Tier II penalty of $65,000.00 against each defendant for each Section 5 violation."); SEC v. Pallais, 2010 WL 2772329 at *6-7 (Defendant's "conduct was anything but isolated. He issued or caused to be issued at least 30 press releases containing false

---

[13]/ (...continued)
significant risk of substantial losses to the purchasers of the unregistered stock."); SEC v. Lybrand, 281 F. Supp. 2d at 731 (defendants "'sold their shares into the public market without filing a registration statement,'" which "resulted in millions of dollars in losses to unwitting investors"). Moreover, Chen was previously ordered to disgorge $40,284 and held jointly and severally liable for $307,769 in disgorgement. (See pages 2-3 above.) This further evidences that her conduct indeed caused substantial losses to others. E.g., SEC v. Forest Res. Mgmt. Corp., 09 Civ. 0903, 2010 WL 2077202 at *2 (S.D.N.Y. May 18, 2010) (Rakoff, D.J.) ("Although the SEC has not articulated an amount of the third-party losses, it is patent that this scheme—which resulted in hundreds of thousands of dollars in ill-gotten gains for the individual defendants—risked and, in fact, caused 'substantial' losses to others."); see also, e.g., SEC v. China Energy Sav. Tech., Inc., No. 06-CV-6402, 2008 WL 6572372 at *15 (E.D.N.Y. Mar. 28, 2008) ("The violations also resulted in substantial losses given the disgorgement amount . . . .").

or misleading information or omissions of material information over a period of 18 months. . . . Thus, the assessment of a fine under the second tier is appropriate. Accordingly, [defendant] should be ordered to pay $65,000 to the United States Treasury."); SEC v. Stone, 2009 WL 82661 at *7 (imposing maximum second tier penalty where defendant's "conduct was recurrent, as she participated in numerous misrepresentations and securities violations").[14]

Finally, as to the fifth factor, Chen has not submitted any evidence that the penalty should be reduced in light of any financial conditions. See, e.g., SEC v. Stone, 2009 WL 82661 at *7 (imposing maximum second tier civil monetary penalty where defendant "has not submitted any evidence that her current or future financial condition favors a reduction of the civil penalty").

Accordingly, the SEC's request for a second tier civil monetary penalty in the maximum amount of $65,000 should be granted. See, e.g., U.S. SEC v. E. Delta Res. Corp., 2012 WL 3903478 at *9 (Defendants' "violations of Section 5 were, at minimum, committed with a 'deliberate or reckless disregard of a regulatory requirement.' The Court therefore imposes a maximum Tier II penalty of $65,000.00 against each defendant for each Section 5 violation."); SEC v. Jadidian, 2011 WL 1327245 at *8 ("Under all of these circumstances, this Court finds that the maximum second-tier penalty is appropriate."); SEC v. Pallais, 2010 WL 5422531 at *4 ("The facts demonstrate that [defendant's] violation involved 'fraud, deceit, manipulation or reckless disregard of a regulatory requirement.' . . . A Tier II civil penalty of $65,000 is reasonable and appropriate.");

---

[14] See also, e.g., SEC v. Offill, No. 07-CV-1643, 2012 WL 1138622 at *4 (N.D. Tex. Apr. 5, 2012) ("[D]efendants' violations involved multiple transactions in which millions of unregistered shares were sold . . . . The court finds that a second-tier penalty should be awarded against" defendants.); SEC v. Lybrand, 281 F. Supp. 2d at 731 ("Far from being an isolated event, the actions of these men involved a multitude of improper securities transactions that occurred over several months—they violated the securities laws repeatedly and with regularity.").

SEC v. Stone, 2009 WL 82661 at *7-8 (Defendant's conduct "demonstrates 'fraud, deceit, manipulation, or deliberate or reckless disregard of a regulatory requirement,' which triggers a second-tier penalty under the securities laws. . . . Therefore, a civil penalty of $60,000 is appropriate.").[15/]

## CONCLUSION

For the reasons set forth above, the Court should order Chen to pay a maximum second tier civil monetary penalty of $65,000.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6.[16/] Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Richard M. Berman, 500 Pearl Street, Room 1320, and to my chambers, 500 Pearl Street, Room 1370. Any requests for an extension of time for filing objections must be directed to Judge Berman (with a courtesy copy to my chambers). Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); Ingram v. Herrick, 475 F. App'x 793, 793 (2d Cir. 2012); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993), cert. denied, 513 U.S. 822, 115 S. Ct. 86 (1994); Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir.), cert. denied, 506 U.S.

---

[15/] The maximum second tier penalty applicable to the violations at issue in Stone was $60,000. See SEC v. Stone, 2009 WL 82661 at *7 n.5.

[16/] If Chen requires copies of any of the cases reported only in Westlaw, she should request copies from the SEC. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009); SDNY-EDNY Local Civil Rule 7.2.

12

1038, 113 S. Ct. 825 (1992); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York
January 7, 2013

Respectfully submitted,

**Andrew J. Peck**
United States Magistrate Judge

Copies to: Victoria Chen (Email)
Beth C. Groves, Esq. (ECF)
Dean M. Conway, Esq. (ECF)
Judge Richard M. Berman