**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
UNITED STATES SECURITIES AND  :
EXCHANGE COMMISSION  :
:
                    Plaintiff,  :
:
                v.  :
:
RICHARD VERDIRAMO, VINCENT L.  :
VERDIRAMO, ESQ., EDWARD MEYER JR.,  :
and VICTORIA CHEN,  :
:
                    Defendants.  :
------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/1/13

10 Civ. 1888 (RMB)(AJP)

**ORDER**

## I. Background

On March 10, 2010, the United States Securities and Exchange Commission ("SEC" or "Plaintiff") filed a complaint against the above-named defendants, including Victoria Chen ("Chen"), Principal of Greenwood Capital Holdings, Inc., a Nevada Corporation, alleging, among other things, that Chen sold "illegally issued shares" of RECOV Energy Corporation ("RECOV") in "unregistered, non-exempt transactions" in violation of Section 5 of the Securities Act of 1933, 15 U.S.C. § 77e(a) ("Section 5"). (Compl., dated Mar. 9, 2010, ¶¶ 3, 17.) On September 9, 2011, the Court found that the "SEC clearly has established a prima facie violation of Section 5 by Chen" and granted the SEC's motion for partial summary judgment. SEC v. Verdiramo, No. 10 Civ. 1888, 2011 WL 4344310, at *11–15 (S.D.N.Y. Sept. 9, 2011).

On November 27, 2012, the Court imposed a permanent "penny stock bar" against Chen and determined that a civil monetary penalty was appropriate. SEC v. Verdiramo, No. 10 Civ. 1888, 2012 WL 5935609, at *5 (S.D.N.Y. Nov. 27, 2012). It referred the determination of the amount of the civil monetary penalty to Magistrate Judge Andrew J. Peck. Id.

On January 7, 2013, Judge Peck recommended that the "SEC's request for a $65,000 second tier penalty [against Chen] should be granted." (See Report and Recommendation, dated Jan. 7, 2013 ("Report"), at 5.)

Neither party filed objections to the Report. See Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

## II. Legal Standard

The Court may adopt those portions of a magistrate judge's report to which no objections have been made and which are not clearly erroneous. See Thomas v. Arn, 474 U.S. 140, 149 (1985). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." See Fed. R. Civ. P. 72(b); Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989).

## III. Analysis

A review of the Report shows that Judge Peck's recommendation is not clearly erroneous. See Thomas, 474 U.S. at 149.

A second tier civil monetary penalty is appropriate because the violation involved fraud, deceit, manipulation, or deliberate or reckless disregard of a regulatory requirement. See 15 U.S.C. § 77t(d)(2)(B); see also Verdiramo, 2012 WL 5935609, at *5 ("Chen's unregistered sales were intended to camouflage an unregistered public distribution of RECOV and constituted a reckless disregard of the regulatory requirements mandated by Section 5.") Judge Peck determined that "Chen's sale of 158,333 unregistered shares on fifteen separate occasions over the course of several months constitutes egregious conduct" and "was not isolated." (See Report at 7–10). He determined that Chen acted with "reckless disregard," that her conduct created "the

risk of substantial losses to others," and that "Chen has not submitted any evidence that the penalty should be reduced in light of any financial conditions." Id.

## IV. Conclusion and Order

For the reasons stated herein and therein, the Court adopts the Report [#150] in its entirety. The Clerk of the Court is respectfully requested to enter judgment against Chen for a civil monetary penalty in the amount of $65,000.

Dated: New York, New York
       February 1, 2013



RICHARD M. BERMAN, U.S.D.J.