```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/29/13
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES SECURITIES AND EXCHANGE
COMMISSION,

                Plaintiff,

      v.

RICHARD VERDIRAMO, VINCENT L.
VERDIRAMO, ESQ., EDWARD MEYER, JR.,
and VICTORIA CHEN,

                Defendants.

Case No. 10-CIV-1888
(RMB)(AJP)

---

## JUDGMENT AS TO DEFENDANT VINCENT VERDIRAMO

The Securities and Exchange Commission having filed a Complaint and Defendant Vincent Verdiramo having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

I.

IT IS ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 20(e) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77t(e)] and Section 21(d)(2) of the Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78u(d)(2)], Defendant is permanently prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $462,000, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $197,444 and a civil penalty in the amount of $100,000 pursuant to Section 20(d)(1) of the Securities Act [15 U.S.C. § 77t(d)(1)] and Section 21(d)(1) of the Exchange Act [15 U.S.C. § 78u(d)(1). Defendant shall satisfy this obligation by paying $759,444 to the Securities and Exchange Commission pursuant to the terms of the payment schedule set forth in paragraph IV. below after entry of this Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

2

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Vincent Verdiramo as a defendant in this action; and specifying that payment is made pursuant to this Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Judgment. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

IV.

Defendant Vincent Verdiramo shall pay the total of disgorgement, prejudgment interest, and penalty due of $759,444 in 4 installments to the Commission according to the following schedule: (1) $189,861, within 14 days of entry of this Judgment; (2) $189,861, within 90 days of entry of this Judgment; (3) $189,861, within 180 days of entry of this Judgment; and (4) $189,861 within 270 days of entry of this Judgment. Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 14 days of the

3

entry of Judgment. Prior to making the final payment set forth herein, Vincent Verdiramo shall contact the staff of the Commission for the amount due for the final payment.

If Vincent Verdiramo fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

Dated: 4/29/13

RMB
UNITED STATES DISTRICT JUDGE

THIS DOCUMENT WAS ENTERED ON THE DOCKET ON _____